

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2019
David J. Bradley, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BAY AREA REGIONAL MEDICAL | § | CASE NO: 19-70013 |
| CENTER, LLC | § | |
|     Debtor | § | |
| | § | CHAPTER 7 |
| | § | |
| CATHERINE S. CURTIS | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 19-7010 |
| | § | |
| CERNER CORPORATION, *et al* | § | |
|     Defendant | § | |

ENTERED
12/18/2019

**REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT
RECOMMENDING THAT IT WITHDRAW THE REFERENCE
<u>OF THIS ADVERSARY PROCEEDING</u>**
*Resolving ECF Nos. 8 & 14*

**I. Introduction**

In this adversary proceeding, Catherine S. Curtis ("*Trustee*") seeks to recover millions of dollars and alleges the following causes of action against some or all of the defendants:

1. Breach of Contract (against all defendants)
2. Breach of Express Warranties (against all defendants)
3. Breach of Implied Warranties (against all defendants)
4. Negligence (against all defendants)
5. Fraud (against all defendants)
6. Fraudulent Inducement (against Siemens & Quammen)
7. Negligent Misrepresentation (against all defendants)
8. Negligent Hiring (against all defendants)
9. Unjust Enrichment (against all defendants)
10. Avoidance of Fraudulent Transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.005(a)(2)) (against Siemens and Cerner)
11. Avoidance of Fraudulent Transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.006(a)) (against Siemens and Cerner)

12. Avoidance of Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B) (against Cerner)
13. Recovery of Fraudulent Transfers under 11 U.S.C. § 550 (against Siemens and Cerner)
14. Recovery of Attorney's Fees and Costs (against all defendants).

Siemens Medical Solutions, USA, Inc. ("*Siemens*") and Cerner Corporation ("Cerner") filed the instant Motions to Withdraw the Reference ("*Motions*").  Although Siemens nor Cerner have yet to file answers to the adversary complaint, they have reserved their rights to demand a jury trial.  Therefore, as required by Fed. R. Bankr. P. 5011 and BLR 5011-1, this Court considers the issues and arguments presented by the parties at a hearing conducted on December 4, 2019 and on December 18, 2019.  Accordingly, this Court submits the following Report and Recommendation to the Honorable United States District Court based on the parameters of the United States Bankruptcy Code and relevant case law.

For the reasons set forth below, this Court recommends that the reference be immediately withdrawn, but that the United States District Court for the Southern District of Texas then refer the adversary proceeding to the undersigned judge for adjudication of all pretrial matters, with the undersigned judge then notifying the District Court when the dispute is ready to be tried.  As argued by the Trustee in its limited answer and at the hearing, this Court is prepared to handle all pretrial matters as part of judicial economy.  Trustee has several pending adversary proceedings and contested matters that arise out of Bay Area Regional Medical Center, LLC's ("*Debtor*") bankruptcy case, and this Court's knowledge of the underlying bankruptcy case and ability to schedule hearings in a coordinated manner will reduce administrative costs and promote efficiency.  As such, this Court stands ready to adjudicate all pretrial matters should the District Court decide to do so.

## II. Factual & Procedural Background

On January 10, 2019, Debtor filed a voluntary petition for relief under chapter 7, title 11 of the United States Bankruptcy Code.[1] On August 11, 2019, Trustee filed the instant adversary complaint.[2] Although Siemens nor Cerner have yet to file answers to the adversary complaint, Siemens, Cerner and Trustee have entered into a Stipulation Agreement that Siemens and Cerner shall have until thirty (30) days after the earlier of: (i) this Court entry of an order denying Defendants' *Motions to Withdraw the Reference*; or (ii) the above-styled adversary proceeding is withdrawn to the District Court for further consideration, and formally docketed before the District Court to file an answer.[3] On December 4, 2019, and December 18, 2019, this Court held a hearing on the Motions and took the matters under advisement. The Court now issues its Report and Recommendation to the Honorable United States District Court.

### III. This Court Recommends That the Honorable United States District Court Withdraw the Reference of This Adversary Proceeding

A. **Mandatory Withdrawal of the Reference**

The United States District Courts in the Southern District of Texas are authorized by 28 U.S.C. § 157(a) to automatically refer "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code" to the United States Bankruptcy Court.[4] There are provisions for both mandatory and permissive withdrawal of the reference of cases initially automatically referred to a bankruptcy court.[5]

---

[1] Citations to the docket in this Adversary Proceeding styled Curtis v. Cerner et al. 19-7070, shall take the form "ECF No. ––––," while citations to Debtor's Bankruptcy, 19-70013 (the "*Bankruptcy Case*"), shall take the form "Bankr. ECF No. ––––." *See* Bankr. ECF No. 1.
[2] ECF No. 1.
[3] ECF Nos. 25, 26.
[4] In re Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[5] 28 U.S.C. § 157(d).

The mandatory withdrawal provision provides that "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[6] Notably, the mandatory withdrawal provision should be interpreted "restrictively, [and] grant withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law.[7]" In the Southern District of Texas, "a party should move to withdraw the reference within 90 days of the complaint or notice of removal" in an adversary proceeding.[8] Despite the 90-day window, "a party may challenge the bankruptcy judge's authority at any time.[9]" If either party fails to timely move to withdraw the reference, the bankruptcy court may construe that failure as "a waiver of the party's right to a jury trial.[10]" Siemens' and Cerner's Motions were filed well within the 90 day window therefore it is timely.

The District Court must withdraw the reference when a "substantial consideration" of both the Bankruptcy Code and other federal law is required.[11] Here, there are no causes of action alleging violations of federal law outside of the Bankruptcy Code. Accordingly, mandatory withdrawal is inapplicable in relation to this adversary proceeding. This Court will now address permissive withdrawal of the reference.

---

[6] *Id.*

[7] *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008).

[8] In re Bankruptcy Jurisdiction, Gen. Order 2011-12 (S.D. Tex. Nov. 29, 2011).

[9] *Id.* (noting that "the general right of a party in interest to move to withdraw an adversary proceeding or contested matter to the district court remains" outside the 90-day window); *see also In re Quality Lease and Rental Holdings, LLC*, 2016 WL 416961, at *4 (Bankr. S.D. Tex. Feb. 1, 2016) (reading Gen. Order No. 2011-12 as not "prohibit[ing] a party's ability to request withdrawal after the expiration of 90 days"); *In re Blackwell*, 279 B.R. 818, 819 (Bankr. W.D. Tex. 2002) (Additionally, once there has been either a jury demand or a notice of non-consent, "the bankruptcy court can no longer conduct the trial of the matter *unless* neither party timely seeks to withdraw the reference.").

[10] *In re Blackwell*, 279 B.R. at 820.

[11] *Levine,* 2008 WL 5082400, at *1, 400 B.R. 200; *Lifemark Hosps. of Louisiana, Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters., Inc.),* 161 B.R. 21, 24 (E.D. La. 1993); *United States Gypsum Co. v. Nat. Gypsum Co. (In re Nat. Gypsum Co.)* 145 B.R. 539, 541 (N.D. Tex. 1992).

### B. Permissive Withdrawal of the Reference

In addition to mandatory withdrawal, § 157(d) also provides for permissive withdrawal "on [the court's] own motion or on timely motion of any party, for cause shown." The Fifth Circuit provides a list of six factors for a district court to consider in determining whether cause is shown for permissive withdrawal, including: whether "(1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial.[12]" The party moving for withdrawal of the reference—Defendants in this case—"bear the burden of establishing grounds for permissive withdrawal.[13]" Moreover, cause "can exist only if premised upon a sound articulated foundation.[14]" Defendants assert that the case should be withdrawn because "(i) the Bankruptcy Court does not have constitutional authority to finally adjudicate the claims asserted against them; and (ii) an analysis of the above described *Holland* Factors counsels heavily in favor of withdrawing the reference.[15]" Trustee filed responses to the Motions.[16] A review of these factors strongly favors withdrawal of the reference by the District Court.

### 1. The First Factor: The Underlying Lawsuit is a Non-Core Proceeding.

The Trustee has brought numerous causes of action against several defendants. All of these causes of action, except the fraudulent transfer claims brought under 11 U.S.C. §§ 544, 548, and 550 are based upon state law. The definition of core and non-core proceedings is

---

[12] *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985).
[13] *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009).
[14] *Vela v. Enron Oil & Gas Co.*, 2007 WL 1564562, at *2 (S.D. Tex. May 29, 2007) (quoting *Holland Am.*, 777 F.2d at 998).
[15] ECF No. 8, P.3.
[16] ECF No. 17, 27.

defined in section 157(b) of Title 28 of the United States Code.[17] A proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could only arise in the nature of a bankruptcy case.[18] Claims based upon state law for prepetition breaches of contract or prepetition tortious conduct are non-core proceedings.[19] Further, claims based upon breach of express warranties, breach of implied warranties, negligence, fraud, fraudulent inducement, negligent misrepresentation, negligent hiring, unjust enrichment are also non-core proceedings.[20] Trustee's claims in this case can surely arise outside of the bankruptcy context because they involve state law causes of action.[21] Thus, all of the Trustee's claims in this suit are non-core proceedings except the section 544, 548 & 550 claims, which are core pursuant to 28 U.S.C. § 157(b)(2)(F) & (H). If the majority of claims are non-core, then withdrawal of the reference is favored.[22] Here, the majority of claims are non-core. Accordingly, this first factor weighs in favor of withdrawal of the reference.[23]

### 2. The Second Factor: Uniformity in Bankruptcy Administration Will Be Promoted

---

[17] 28 U.S.C. § 157(b) (Section 157(b)(2)(A)-(P) lists specific examples of core proceedings).
[18] *In re Lutfak*, 536 B.R. 765, 771 (Bankr. S.D. Tex. 2015); *see Wood v. Wood* (*In re Wood*), 825 F.2d 90, 97 (5th Cir.1987).
[19] *See N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71-72, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982).
[20] *See In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869 (E.D. La. 2011) (withdrawing the reference, and holding that "[l]egal malpractice, breach of fiduciary duty, breach of contract, fraud, and conspiracy claims . . . were state law claims that did not arise under any provision of the Bankruptcy Code and that could exist outside bankruptcy" were non-core); *see In re Lutfak*, 536 B.R. at 768 (holding that Plaintiff's statutory fraud, common-law fraud, fraudulent inducement, negligent misrepresentation, negligence, breach of warranty, breach of contract, and violations of the Deceptive Trade Practices Act claims were non-core).
[21] *See In re Morrison*, 409 B.R. 384, 390 (S.D. Tex. 2009).
[22] *See Gecker v. Marathon Fin. Ins. Co., Inc., RRG*, 391 B.R. 613, 615 (N.D. Ill. 2008); *see In re Royce Homes, L.P.*, No. 09-32467-H4-7, 2011 WL 13340482, at *2 (Bankr. S.D. Tex. Oct. 13, 2011) ("If the majority of claims are non-core, then withdrawal of the reference is favored.").
[23] Supreme Court's ruling in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011)—holding that a bankruptcy court does not have constitutional authority to enter a final judgment where the dispute is based upon state law and does not involve the claims adjudication process—the facts in the adversary proceeding at bar make the conclusion that this first factor favors withdrawal of the reference even more compelling than would otherwise be the case. Here, none of the Defendants have filed claims in the main Chapter 7 case so there is no claims adjudication process involved in this suit. Moreover, most of the Trustee's causes of action are based upon state law.

If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration.[24] In weighing this consideration, although this Court is very familiar with the Debtor in this case, this Court will note that none of the substantive issues in the adversary proceeding have been reached because the Motions were filed shortly after the complaint. The Court wants to emphasize that it has certainly become well-acquainted with the allegations made by the Trustee. Indeed, the Court necessarily had to familiarize itself with these allegations in order to issue a report and recommendation on the pending motions to withdraw the reference. Nevertheless, this familiarity alone does not necessarily disfavor withdrawal of the reference. After all, the motions to withdraw the reference were filed very early on in this adversary proceeding. Therefore, the Court concludes that although this complaint was just filed, this factor still favors withdrawal because the Court has not reached a significant level of familiarity with the adversary proceeding.

3. **The Third factor: Forum Shopping and Confusion Will Be Reduced**

There is nothing in the record indicating that any party has engaged in forum shopping. Indeed, the Motions were filed shortly after the Trustee initiated this adversary proceeding. With respect to whether confusion will be reduced, the undersigned judge believes that any chance of confusion will be minimized if the District Court withdraws the reference. The "live" complaint filed by the Trustee is her "Original Complaint.[25]" This pleading is 21 pages and raises at least 14 different causes of action and various theories of recovery. Given the numerous causes of

---

[24] *See Palmer & Palmer, P.C. v. U.S. Trustee* (*In re Hargis*), 146 B.R. 173, 176 (N.D. Tex. 1992); *Kenai Corp. v. Nat'l Union Fire Ins. Co.*(*In re Kenai Corp.*), 136 B.R. 59, 61 (S.D.N.Y. 1992) (finding that "Given [the bankruptcy's judge's] familiarity with the bankruptcy case involving [the debtor], [the bankruptcy judge] is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding").
[25] ECF No. 2.

action pleaded therein, confusion will be minimized if the District Court immediately withdraws the reference and adjudicates this dispute. Accordingly, this third factor weighs in favor of withdrawal of the reference.

  4. **The Fourth Factor: Economical Use of Debtor's and Creditors' Resources Will Be Fostered**

One of the major goals of bankruptcy law is the efficient use of the debtor's and creditors' resources in efforts to administer the debtor's estate and to resolve any related litigation.[26] In relation to non-core matters, *Mirant* held that a withdrawal of reference fosters judicial economy and conservation of resources because if there is no withdrawal of reference, then the district court must review the bankruptcy court's findings of fact and conclusions of law.[27] Because the district court performs a *de novo* review of non-core matters, unnecessary costs can be avoided if the district court simply tries the suit under its original jurisdiction rather than having the facts adduced first in the bankruptcy court and later reviewed *de novo* by the district court.

In the suit at bar, even though the section 544, 548 and 550 claims are core matters, there are numerous non-core matters that need to be adjudicated. Therefore, if this Court were to hold a full bench trial, any substantive rulings that it issues on the non-core matters would necessarily have to be reviewed *de novo* by the District Court pursuant to 28 U.S.C. § 157(c)(1). Additionally, Siemens and Cerner have not consented to the undersigned judge issuing a final judgment of any non-core matters, and therefore 28 U.S.C. § 157(c)(2) is not applicable here. Under these circumstances, unnecessary costs can be avoided if the District Court simply tries the suit under its original jurisdiction rather than having the dispute tried first in bankruptcy court

---

[26] *Plan Admin'r v. Lone Star RV Sales, Inc.* (*In re Conseco Fin. Corp.*), 324 B.R. 50, 55 (N.D. Ill. 2005) (citing *Holland Am.*, 777 F.2d at 999).
[27] *Mirant Corp. v. The S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006).

and later reviewed *de novo* by the District Court.  For all of these reasons, this fourth factor weighs in favor of withdrawal of the reference.

### 5. The Fifth Factor: The Bankruptcy Process Will Be Expedited

A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case.[28]  Here, a refusal to withdraw the reference would, in fact, unduly delay the administration of this Chapter 7 case.  If a bankruptcy court adjudicates a non-core proceeding in the first instance, thereby invoking the two-step process discussed previously, the *de novo* review will delay the resolution of the dispute and consequently, the final administration of the bankruptcy estate.  This situation is present here because there are numerous non-core matters that need to be adjudicated.  Accordingly, this fifth factor favors withdrawal of the reference.

### 6. The Sixth Factor: No Party Has Demanded a Jury Trial

A jury trial is an important factor in considering whether to withdraw the reference in any case because any party against whom legal action has been brought to recover monetary damages and who has never filed a claim against the estate is entitled to a jury trial under the constitutional mandates of the Seventh Amendment to the United States Constitution, notwithstanding Congress' characterization of the action as a core proceeding.  At the December 4, 2019 and December 18, 2019 hearings, Trustee acknowledged that "at least some of the Defendants would have a right to trial by jury on at least some of the causes of actions pled by the Trustee in the Original Complaint."  Siemens and Cerner have reserved their rights to request a jury trial.[29]  As such, this Court places a heavy emphasis on this consideration because Defendants are parties against whom legal action has been brought to recover monetary damages

---

[28] *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).
[29] ECF Nos. 8, 14.

and who have never filed a claim against the estate. Therefore, this sixth factor strongly favors withdrawal of the reference.

### IV. Current Posture of the Case

The instant adversary proceeding was filed August 11, 2019.[30] On November 15, 2019, Siemens filed the instant Motion.[31] On November 26, 2019 Cerner filed their Motion as well.[32] Additionally, by agreement, Siemens and Cerner have until thirty (30) days after the earlier of: (i) this Court enters an order denying Defendants' *Motions to Withdraw the Reference*; or (ii) the above-styled adversary proceeding is withdrawn to the District Court for further consideration, and formally docketed before the District Court to file an answer.[33]

### V. Conclusion

In sum, the undersigned judge believes that all six of the *Holland America* factors favor withdrawal of the reference by the District Court. Therefore, because cause exists under 28 U.S.C. § 157(d), the undersigned judge recommends that the District Court immediately withdraw the reference of this adversary proceeding. Nevertheless, should the District Court disagree with this Court's recommendation of immediate withdrawal of the reference, this Court stands ready to handle all pretrial matters as directed by the District Court, in order to promote judicial economy, and notify the Honorable United States District Court when the matter is ready for trial.

---

[30] ECF No. 2.
[31] ECF No. 8.
[32] ECF No. 14.
[33] ECF Nos. 25, 26.

SIGNED 12/18/2019.

*Eduardo V. Rodriguez*
Eduardo V. Rodriguez
United States Bankruptcy Judge