IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BAY AREA REGIONAL MEDICAL CENTER, LLC, | § § § | Civil Action No. 7:19-cv-00417 *(Withdrawal of Reference)* |
| Debtor. | § § § | |
| CATHERINE S. CURTIS, Plaintiff, | § § § § | Bankr. Case No. 19-70013 (Chapter 7) |
| VS. | § § | Bankr. Adv. Pro. No. 19-7010 |
| CERNER CORPORATION, et al., Defendants. | § § § | |

**SIEMENS MEDICAL SOLUTIONS USA, INC.'S LIMITED OBJECTION TO THE BANKRUPTCY COURT'S REPORT AND RECOMMENDATION**
[Relates to Doc. No. 1]

**TO THE HONORABLE MICAELA ALVAREZ,
UNITED STATES DISTRICT JUDGE:**

Siemens Medical Solutions USA, Inc., as a defendant in the above-styled proceeding ("Siemens" or "Defendant"), hereby files this limited objection (the "Limited Objection") to the bankruptcy court's *Report and Recommendation to the United States District Court Recommending that it Withdraw the Reference of this Adversary Report* (the "R&R") [Doc. No. 1], and in support thereof, respectfully states as follows:

### I. INTRODUCTION

1. Federal Rule of Bankruptcy Procedure 5011 provides that motions for withdrawal of the reference must be "heard by a district judge." *See* FED. R. BANKR. P. 5011(a). However, under governing local rules, withdrawal motions in this district must "first be presented to the bankruptcy judge for recommendation." *See* L. BANKR. R. 5011-1.

2.     As described in the R&R, the bankruptcy court issued its R&R to this Court on December 18, 2019, recommending that the adversary proceeding be "immediately withdraw[n]." *See* R&R, at 10. Pursuant to Federal Rule of Bankruptcy Procedure 9033, Siemens files this Limited Objection, seeking clarification on the bankruptcy court's conflicting recommendation. On the one hand, the bankruptcy recommended that this Court "immediately withdraw" the reference, but that "should [this Court] disagree with … immediate withdrawal of the reference," the bankruptcy court "stands ready to handle all pretrial matters as directed by th[is] [Court]." *See* R&R, at 10. On the other hand, elsewhere in the R&R, the bankruptcy court recommended that the "reference be immediately withdrawn, but that [this Court] then refer the adversary proceeding to the [bankruptcy court] for adjudication for all pretrial matters." *See* R&R, at 2.

3.     Siemens believes that the recommendation should be "immediately withdrawn" for all purposes, such that the District Court preside over all matters, both pre-trial and trial. To the extent the bankruptcy court recommends that it handle pre-trial matters, Siemens believes that is inconsistent with the "immediate withdrawal" of the reference and imprudent under the circumstances here. Indeed, if that is the intent of the bankruptcy court's recommendation, it directly contravenes the bankruptcy court's conclusions of law, including the finding that, "[i]f a bankruptcy court adjudicates a non-core proceeding in the first instance, thereby invoking the two-step process . . . , the *de novo* review will delay the resolution of the dispute and consequently, the final administration of the bankruptcy estate." *See* R&R, at 9.

4.     For these reasons, and the reasons discussed herein, this Court should adopt the R&R in full, except to the extent the bankruptcy court recommends that pre-trial matters be adjudicated by the bankruptcy court (and not by this Court).

## II.     LIMITED OBJECTION

5. This Court must "make a de novo review" of the bankruptcy court's R&R, which this Court should adopt in full, except to the extent the bankruptcy court's recommends that pre-trial matters be adjudicated by the bankruptcy court. *See* FED. R. BANKR. P. 9033(d) ("The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule.").

6. Siemens agrees with all of the bankruptcy court's conclusions of law, which support its recommendation that the adversary proceeding be adjudicated with this Court. In fact, the bankruptcy court finds that "all six of the *Holland America* factors favor withdrawal of the reference" to this Court. *See* R&R, at 10. As such, Siemens agrees with the bankruptcy court's R&R—but asserts that the *entire* matter be withdrawn to this Court for adjudication, including all pre-trial matters.

7. Procedurally, this case is still in its incipient stages. No defendant has answered or otherwise responded to the Complaint and the parties have not commenced discovery. For these reasons, the bankruptcy court does not have any particularized knowledge that would enable it to resolve the pre-trial matters any more efficiently than this Court. In fact, the bankruptcy court acknowledged that "none of the substantive issues in the adversary proceeding had been reached because the Motions were filed shortly after the Complaint" and thus the "uniformity of bankruptcy administration" factor favored withdrawal, not retention by the bankruptcy court. *See* R&R at 7.

8. Moreover, as the bankruptcy court acknowledged, the majority of claims asserted in the Complaint are non-core, further favoring withdrawal. *See* R&R at 6. In addition, the

bankruptcy court found that "confusion will be minimized if the District Court immediately withdraws the reference and adjudicates the dispute." *See* R&R at 8. Further, because of *de novo* review by the district court of non-core matters in the event the reference was not withdrawn, the bankruptcy court found that economic use of debtor and creditor resources also favored withdrawal. Similarly, because of *de novo* review, the bankruptcy court found that refusal to withdraw the reference would actually "unduly delay" the administration of the bankruptcy estate. *See* R&R at 10. In sum, permitting the bankruptcy court to adjudicate all pre-trial matters until the "dispute is ready to be tried" defeats the purpose of seeking withdrawal and the rationale the bankruptcy court provided in favor of immediate withdrawal.

9. In the bankruptcy court's R&R, the bankruptcy court suggests that it could handle pre-trial matters "as part of judicial economy," noting that it is handling several "contested matters that arise of Bay Area Regional Medical Center, LLC's ('Debtor') bankruptcy case." *See* R&R at 2. But the other contested matters have nothing to do with this action or Siemens, and thus the "ability to schedule hearings in a coordinated manner" will not result in any economies or efficiencies as they concern Debtor's Complaint against Siemens.

10. At bottom, to the extent the bankruptcy court recommends that it handle pre-trial matters directly conflicts with the bankruptcy court's conclusion that this Court "immediately withdraw the reference of this adversary proceeding." Accordingly, the bankruptcy court's R&R supports immediate withdrawal to this adversary proceeding, and such withdrawal should necessarily include all pre-trial matters.

### III.   CONCLUSION

For the following reasons, Siemens respectfully requests that this Court: (i) adopt the bankruptcy court's R&R in full, except to the extent the bankruptcy court recommends that the

- 5 -

matter be referred to the bankruptcy court for all pre-trial matters; (ii) grant Siemen's *Motion to Withdraw the Reference*, which is now pending before this Court [Doc. 2]; and (iii) grant such other relief as the Court may deem just and proper.

  Dated:  December 27, 2019

                                  REED SMITH LLP

                       By:  */s/ Lloyd A. Lim*
                                Lloyd A. Lim
                                Texas State Bar No. 24056871
                                Rachel I. Thompson
                                Texas State Bar No. 24093258
                                REED SMITH LLP
                                811 Main Street, Suite 1700
                                Houston, Texas  77002-6110
                                Telephone:  (713) 469-3800
                                Facsimile: (713) 469-3899
                                E-mail:  llim@reedsmith.com
                                E-mail:  rithompson@reedsmith.com

                                *Attorneys for Siemens Medical Solutions USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2019, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Rachel I. Thompson*
Rachel I. Thompson