United States District Court
Southern District of Texas
**ENTERED**
April 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CATHERINE S. CURTIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:19-cv-00417 |
| § | |
| CERNER CORPORATION; QUAMMEN § | |
| HEALTH CARE CONSULTANTS, INC.; § | |
| and SIEMENS MEDICAL SOLUTIONS § | |
| USA, INC., § | |
| § | |
| Defendants. § | |

# OPINION AND ORDER

The Court now considers the "Report and Recommendation to the United States District Court Recommending that it Withdraw the Reference of this Adversary Proceeding,"[1] and "Siemens Medical Solutions USA, Inc.'s Limited Objection to the Bankruptcy Court's Report and Recommendation,"[2] and Defendant Cerner Corporation's joinder in Defendant Siemens Medical Solutions USA, Inc.'s limited objection.[3] After considering the Report and Recommendation and the parties' objections, the Court **MODIFIES** the Report and Recommendation and **WITHDRAWS** the reference to the Bankruptcy Court in full.

I. BACKGROUND AND PROCEDURAL HISTORY

In January 2019, Bay Area Regional Medical Center, LLC, filed a petition for voluntary bankruptcy relief under Chapter 7 of the United States Bankruptcy Code.[4] Plaintiff Catherine Curtis is a bankruptcy trustee.[5] In August 2019, Plaintiff filed an Adversary Proceeding within

---

[1] Dkt. No. 1.
[2] Dkt. No. 5.
[3] Dkt. No. 7.
[4] R&R, Dkt. No. 1 at 2.
[5] *Id.* at 1.

Bay Area Regional Medical Center, LLC's bankruptcy proceeding alleging 14 causes of action against Defendants in this action seeking to recover millions of dollars.[6] In December 2019, the United States Bankruptcy Court for the Southern District of Texas held hearings on Defendant Siemens'[7] and Defendant Cerner's motion[8] to withdraw the reference.[9] The "reference" refers to this Court's General Order 2012-6, which implements 28 U.S.C. § 157 and automatically refers proceedings arising under the Bankruptcy Code (Title 11, United States Code) to the Bankruptcy Judges of this District.[10] After considering the motions, the Bankruptcy Court entered a Report and Recommendation (R&R), recommending to this Court that, although the Court should not find mandatory withdrawal of the reference, the permissive withdrawal factors counsel strongly in favor of withdrawing the reference to the Bankruptcy Court.[11] The Bankruptcy Court recommends "that the reference be immediately withdrawn, but that the United States District Court for the Southern District of Texas then refer the adversary proceeding to the undersigned judge for adjudication of all pretrial matters, with the undersigned judge then notifying the District Court when the dispute is ready to be tried."[12]

After this Court received the Bankruptcy Court's R&R, Defendant Siemens filed the instant limited objection.[13] Defendant Siemens agrees with the R&R in full, "except to the extent the bankruptcy court recommends that pre-trial matters be adjudicated by the bankruptcy court (and not by this Court)."[14] Defendant Cerner "joins and adopts" Defendant Siemen's position.[15]

---

[6] *Id.* at 1–3.
[7] Dkt. No. 2.
[8] Dkt. No. 3.
[9] Dkt. No. 1 at 2.
[10] *In re Order of Reference to Bankruptcy Judges*, Gen. Order No. 2012-6 (May 24, 2012).
[11] Dkt. No. 1.
[12] *Id.* at 2.
[13] Dkt. No. 5.
[14] *Id.* at 2, ¶ 4.
[15] Dkt. No. 7 at 1.

In short, all parties that have stated a position agree with the Bankruptcy Court that the reference should be withdrawn as to trial in this civil proceeding.[16] Although the Bankruptcy Court recommends withdrawal of the reference, the Bankruptcy Court nevertheless recommends that the matter be referred back to it for pretrial proceedings, and this matter is ripe for decision.

## II. Discussion

### a. Legal Standard

In deciding on the R&R, this Court is obligated to "make a de novo review upon the record . . . . The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions."[17] The Court may withdraw a reference to the Bankruptcy Court "for cause shown," but shall withdraw the reference "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."[18] In the latter, mandatory withdrawal circumstance, "Courts generally interpret the mandatory withdrawal provision restrictively, granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law."[19] In any case, "[t]he decision to grant or deny this motion is committed to the discretion of the district court."[20] The Fifth Circuit has provided guiding principles for the Court to consider, and a "decision to withdraw a reference 'must be based on a sound, articulated foundation,' at least when the case adjudicates the relative

---

[16] *See* Dkt. No. 3-2.
[17] FED. R. BANKR. P. 9033(d).
[18] 28 U.S.C. § 157(d).
[19] *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008) (Rosenthal, J.).
[20] *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762, 765 (S.D. Tex. 2007) (Hoyt, J.) (citing FED. R. BANKR. P. 5011(a) & *In re Mirant Corp.*, 197 F. App'x 285, 294 (5th Cir. 2006)).

rights of the debtor and its creditors."[21] "In the Fifth Circuit, courts consider six factors when evaluating whether the moving party has demonstrated 'cause' for withdrawal of the reference:

- core versus non-core matters;
- fostering the economical use of the debtors' and creditors' resources;
- expediting the bankruptcy process;
- reducing forum shopping and confusion;
- whether jury demands have been made; and
- promoting uniformity in bankruptcy administration."[22]

### b. Analysis of the Bankruptcy Court's Report and Recommendation

*1. Mandatory Withdrawal Under 28 U.S.C. § 157(d)*

Plaintiff brings causes of action for:

1. Breach of Contract (against all defendants)
2. Breach of Express Warranties (against all defendants)
3. Breach of Implied Warranties (against all defendants)
4. Negligence (against all defendants)
5. Fraud (against all defendants)
6. Fraudulent Inducement (against Siemens & Quammen)
7. Negligent Misrepresentation (against all defendants)
8. Negligent Hiring (against all defendants)
9. Unjust Enrichment (against all defendants)
10. Avoidance of Fraudulent Transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.005(a)(2)) (against Siemens and Cerner)
11. Avoidance of Fraudulent Transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.006(a)) (against Siemens and Cerner)
12. Avoidance of Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B) (against Cerner)
13. Recovery of Fraudulent Transfers under 11 U.S.C. § 550 (against Siemens and Cerner)
14. Recovery of Attorney's Fees and Costs (against all defendants).[23]

The Court therefore adopts the recommendation of the Bankruptcy Court and holds that no single cause of action alleges violations of federal law "regulating organizations or activities affecting

---

[21] *Id.* (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985)).
[22] *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009) (Atlas, J.) (collecting cases).
[23] Dkt. No. 1 at 1–2.

interstate commerce"[24] and mandatory withdrawal of the reference is thus "inapplicable" to this proceeding.[25]

### 2. Permissive Withdrawal "For Cause Shown" Under 28 U.S.C. § 157(d)

The Bankruptcy Court "believes that all six of the [Fifth Circuit] factors favor withdrawal of the reference by the District Court."[26] The Court will review each of the factors.

#### i. Whether the Matter is a Core or Noncore Proceeding

"A proceeding is core if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could only arise in the nature of a bankruptcy case."[27] Thus, if the proceeding could only arise in a case brought under the Bankruptcy Code or involves a right created by federal bankruptcy law, the case is a core proceeding, whereas "[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy," it is a non-core proceeding.[28] The Court notes that the claims listed as 10–13 above are core proceedings that arise out of the Bankruptcy Code, but at least claims 1–9 could be brought independent of federal bankruptcy law and are therefore noncore.[29] Where the majority of claims are noncore, "withdrawal of the reference is favored."[30] The Court agrees with the Bankruptcy Court R&R that the first factor weighs in favor of withdrawal of the reference.[31]

---

[24] 28 U.S.C. § 157(d).
[25] Dkt. No. 1 at 4.
[26] *Id.* at 10.
[27] *In re Lutfak*, 536 B.R. 765, 771 (Bankr. S.D. Tex. 2015) (citing *Wood v. Wood*, 825 F.2d 90, 97 (5th Cir. 1987)); *see* 28 U.S.C. § 157(b).
[28] *In re Morrison*, 409 B.R. 384, 390 (S.D. Tex. 2009) (Atlas, J.) (quoting *Wood*, 825 F.2d at 97).
[29] *See In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 876 (E.D. La. 2011) ("It does not appear that the bankruptcy law theories of recovery predominate over the previously mentioned state law theories. Therefore, the Court finds that the presence of non-core claims in the case weighs in favor of withdrawal of the reference.").
[30] *In re Royce Homes, L.P.*, No. 09-32467-H4-7, 2011 WL 13340482, at *2 (Bankr. S.D. Tex. Oct. 13, 2011).
[31] Dkt. No. 1 at 6.

> ii. *Whether Uniformity in Bankruptcy Administration Would be Promoted by Declining to Withdraw the Reference*

This factor acknowledges that, where a Bankruptcy Judge already has great familiarity with the case, the parties, or the underlying facts, the District Court should not withdraw the reference to promote uniformity of bankruptcy administration and because the "resident expertise" to resolve the issues lies with the Bankruptcy Court.[32] "[T]he court must employ [withdrawal of the reference] judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court."[33]

Here, the Bankruptcy Court is familiar with the debtor and the "allegations made by the [Plaintiff] Trustee," but has resolved no substantive issues in the adversary proceeding and avers that "the Court has not reached a significant level of familiarity" with the issues.[34] In addition, the mostly noncore nature of the claims indicates that the Bankruptcy Court does not possess the resident expertise and uniformity in bankruptcy administration would not be promoted by declining to withdraw the reference. Accordingly, this factor weighs in favor of withdrawal.

> iii. *Whether Withdrawal of the Reference will Reduce Forum Shopping and Confusion*

As noted, the Court should be skeptical of attempts to avoid Bankruptcy Court as an unfavorable forum. However, the motions to withdraw the reference were filed soon after Plaintiff initiated the adversary proceeding and there are no indicia of forum shopping because most of the claims alleged against Defendants are unrelated to the Defendants' involvement in the bankruptcy proceeding.[35] For example, Plaintiff's claims do not "go to the merits of either

---

[32] *In re Hargis*, 146 B.R. 173, 176 (N.D. Tex. 1992).
[33] *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y. 1992).
[34] Dkt. No. 1 at 7.
[35] *See* Dkt. No. 3 at 6, ¶ 24.

[Defendant] Cerner's unsecured or administrative claim."[36] There is no indication of forum shopping or confusion if the reference is withdrawn.[37] Accordingly, this factor weighs in favor of withdrawal.

### iv. Whether Withdrawal of the Reference will Foster the Economical Use of the Debtor's and Creditors' Resources

Judicial economy and economical use of the parties' resources favor reducing the number of motions, hearings, and proceedings that are necessary to resolve this case. As the Bankruptcy Court points out, Defendants Siemens and Cerner have not consented to the Bankruptcy Court's entry of judgment on any noncore matters, therefore "any substantive rulings that [the Bankruptcy Court] issues on the non-core matters would necessarily have to be reviewed *de novo* by the District Court pursuant to 28 U.S.C. § 157(c)(1)" if this Court does not withdraw the reference.[38] However, withdrawal of the reference "eliminates the prospect of an appeal from the bankruptcy judge's adjudications of core claims, and dispenses with the need for the district court to conduct a *de novo* review of proposed findings and conclusions of the bankruptcy judge after a trial in the bankruptcy court as to non-core claims."[39] Because noncore claims significantly outweigh core claims, judicial and litigant economy favor determination of the claims by the District Court once. This factor weighs in favor of withdrawal.

### v. Whether Withdrawal of the Reference Would Expedite the Bankruptcy Process

"The district court should refuse withdrawal if withdrawal would unduly delay administration of the case, considering the status of the case, the importance of the proceeding to the case, and the relative caseloads of the district court and bankruptcy judge."[40] Here, refusal to

---

[36] *Id.* ¶ 25.
[37] *See In re Brown Med. Ctr., Inc.*, 578 B.R. 590, 598 (Bankr. S.D. Tex. 2016).
[38] Dkt. No. 1 at 8.
[39] *Mirant Corp. v. The S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006).
[40] *In re White Motor Corp.*, 42 B.R. 693, 700 (N.D. Ohio 1984) (quotation omitted).

Case 7:19-cv-00417 Document 8 Filed on 04/27/20 in TXSD Page 8 of 10

withdraw the reference will delay final administration of the bankruptcy case because the two-step de novo review discussed in the previous subsection would "delay the resolution of the dispute and consequently, the final administration of the bankruptcy estate."[41] Accordingly, this factor weighs in favor of withdrawal.

### vi. Whether Jury Demands have been Made

"When a party that is entitled to a jury trial properly requests a jury and does not consent to a jury trial before the bankruptcy court, the bankruptcy court must recommend that the adversary proceeding be withdrawn to the district court for trial."[42] However, the R&R notes that some Defendants have merely reserved their right to request a jury trial, but that no party has yet requested a jury trial.[43] The Court has not been presented with authority or any reason that reservations of rights to request a jury trial should be treated the same as a jury demand. Accordingly, because no jury demand has been made, this factor weighs against withdrawal.

In conclusion, the Court finds that five of the six factors that the Fifth Circuit outlined weigh in favor of withdrawing the reference. Therefore, the Court holds that "cause" has been established under 28 U.S.C. § 157(d) to withdraw the reference to the Bankruptcy Court. The Court adopts the recommendation of the Bankruptcy Court[44] and **WITHDRAWS** this case's reference to the Bankruptcy Court.

### 3. Whether the Bankruptcy Court Shall Conduct Pretrial Matters

As noted above, the R&R and two Defendants disagree on whether this Court, having withdrawn the reference, should "refer the adversary proceeding to the undersigned judge for

---

[41] Dkt. No. 1 at 9.
[42] *In re Quality Lease & Rental Holdings, LLC*, No. 14-60074, 2016 WL 416961, at *5 (Bankr. S.D. Tex. Feb. 1, 2016) (citing *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994)), *report and recommendation adopted,* No. AP 14-6005, 2016 WL 11644051 (S.D. Tex. Feb. 29, 2016).
[43] Dkt. No. 1 at 9 & n.29.
[44] *See* FED. R. BANKR. P. 9033(d).

8 / 10

adjudication of all pretrial matters, with the undersigned judge then notifying the District Court when the dispute is ready to be tried."[45] The R&R cites no authority for its position. Defendants Siemens and Cerner argue that withdrawal of the reference is inconsistent with referral of certain matters to the Bankruptcy Court, and assert that the R&R's point that its resolution of noncore issues will necessitate de novo review by this Court militates against referral of pretrial matters to the Bankruptcy Court.[46]

Some District Courts have reasoned that jurisdiction may remain in the Bankruptcy Court for pretrial matters until the time of trial to promote the efficient use of judicial resources where the Bankruptcy Court has familiarity with the allegations that require interpretation of federal bankruptcy law or familiarity with the parties and the dispute.[47] This Court, however, agrees with Defendants that the R&R's points that the uniformity of bankruptcy administration, the majority of noncore claims, and the necessity of de novo review of a significant number of issues all militate against referral of any matters to the Bankruptcy Court.[48] The Court agrees that, "[t]o the extent the bankruptcy court recommends that it handle pre-trial matters, . . . that is inconsistent with the 'immediate withdrawal' of the reference and imprudent under the circumstances here"[49] because the Court would need to make a de novo review of the Bankruptcy Court's proposed findings of fact and conclusions of law.[50] The Court declines to adopt the R&R to the extent that pretrial matters would be referred to the Bankruptcy Court.

---

[45] *Id.* at 2.
[46] Dkt. No. 5 at 2, ¶¶ 2–3; Dkt. No. 7.
[47] *See In re Universal Health Care Grp., Inc.*, No. 8:17-cv-00956-VMC, 2017 U.S. Dist. LEXIS 74834, at *9 (M.D. Fla. May 17, 2017) (collecting cases)
[48] *See* Dkt. No. 5 at 3–4, ¶¶ 6–8.
[49] *Id.* at 2, ¶ 3.
[50] *See Mirant Corp. v. The S. Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006).

### III. CONCLUSION

In accordance with Federal Rule of Bankruptcy Procedure 9033(d), the Court modifies the Bankruptcy Court's Report and Recommendation. The Court **GRANTS** the motions to withdraw the reference[51] and **WITHDRAWS** the reference of this case to the Bankruptcy Court in full including as to all pretrial and trial matters. The Court **ORDERS** the Clerk of the Court to file all documents relating to Adversary Proceeding No. 19-07010 pending in the United States Bankruptcy Court for the Southern District of Texas on this Court's docket in this proceeding no later than **May 8, 2020**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of April 2020.

_____
Micaela Alvarez
United States District Judge

---

[51] Dkt. Nos. 2–3.