# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| CATHERINE S. CURTIS, AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF BAY AREA REGIONAL MEDICAL CENTER, LLC, <br>    PLAINTIFF <br><br> v. <br><br> CERNER CORPORATION; <br> QUAMMEN HEALTH CARE CONSULTANTS, INC.; <br> SIEMENS MEDICAL SOLUTIONS USA, INC. <br>    DEFENDANTS | § § § § § § § § § § § § § | CIVIL ACTION NO. 7:19-cv-00417 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER FRCP 26(f)

**1. State when and in what manner the parties conferred as required by Rule 26(f) and identify the counsel and/or parties who participated in the conference.**

The conference required by Rule 26(f) was held on June 3, 2020, via telephone, among Thomas Rice, counsel for Plaintiff; Michael Barnett, counsel for Defendant Cerner Corporation; and Jonah Mitchell and Heriberto Montalvo, counsel for Defendant Siemens Medical Solutions USA, Inc.

**2. State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

No party has made its initial disclosures under FRCP 26(a). Defendants Siemens and Cerner have filed Motions to Dismiss, which are pending before the Court. The parties request the Court set the deadline for initial disclosures under FRCP 26(a) as 45 days after the filing of answers by any party.

**3. List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

*In re Bay Area Regional Medical Center, LLC*, Bankr. No. 19-70013-EVR, pending in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division. This is the main bankruptcy case out of which this case arises.

**4. Briefly describe what this case is about.**

Plaintiff Catherine S. Curtis is the chapter 7 trustee for the Debtor's Estate and brings causes of action for breach of contract, breach of express warranties, breach of implied warranties, negligence, fraud, fraudulent inducement, negligent misrepresentation, negligent hiring, unjust enrichment, and avoidance of fraudulent transfers.

Bay Area Regional Medical Center, LLC ("Debtor") entered into a contract dated September 30, 2013, with Defendant Siemens Medical Solutions USA, Inc. ("Siemens") to purchase a license to use an electronic health record and related health information software ("Soarian") for the Debtor. Debtor entered into a separate agreement with Quammen Health Care Consultants, Inc. ("Quammen") to handle the implementation of Soarian. Trustee alleges Siemens referred Quammen.

Trustee alleges, after Debtor entered into contracts with both Siemens and Quammen, both parties breached their respective contracts with Debtor by failing to deliver the Soarian system in a manner that complied with the terms of the contracts. Trustee further alleges Debtor was required to spend millions of dollars to fix the Soarian system, which failed to work up until the date the hospital closed.

Defendant Cerner Corporation ("Cerner") purchased certain assets of Siemens, including the contractual relationship with Debtor, effective February 2015. Cerner Health Services, Inc., which is not named in this suit, is a successor in interest to Siemens under its September 30, 2013 contract with Debtor. Cerner maintains that it is not a proper defendant in this suit. Trustee claims Cerner further exacerbated the cost of repair.

Defendants Cerner and Siemens deny Trustee's material allegations and further deny that they are liable to Trustee in any way with respect to the asserted causes of actions. Cerner and Siemens allege that the software worked and was relied upon by Debtor to operate its hospital from its opening in 2014 through the decision to close the hospital during 2018. Cerner and Siemens believe there are multiple defenses to Trustee's claims, including defenses based on statutes of limitations, the economic loss doctrine and contractual waivers of liability and limitations and disclaimers on damages.

**5. Specify the allegation of federal jurisdiction.**

28 U.S.C. §1334(b)

**6. Name the parties who disagree with the jurisdictional allegations and state their reasons.**

**7. List anticipated additional parties that should be included, when they can be added, and which party desires their inclusion.**

None.

**8. List anticipated interventions.**

Trustee has filed a Motion to Sell the Claims associated with this lawsuit to Manfred Co. and anticipates once a sale is approved by the Bankruptcy Court, that Manfred Co. (or some other purchaser) will intervene in the place of the Trustee as Plaintiff.

**9. Describe any class−action issues.**

None.

**10. Describe the discovery plan proposed by the parties, including:**

**A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a);**

The parties request Rule 26(a) disclosures be made within 45 days of the filing of an Answer by a defendant.

**B. When and to whom the plaintiff anticipates it may send interrogatories;**

Plaintiff anticipates that interrogatories will be sent to all three Defendants within 30-60 days of the initial Rule 26(a) Disclosures.

**C. When and to whom the defendant anticipates it may send interrogatories;**

Cerner and Siemens anticipate serving initial interrogatories on Plaintiff within 30-60 days of the initial Rule 26(a) disclosures.

**D. Of Whom and by when the plaintiff anticipates taking oral depositions;**

Within 180 days of the initial Rule 26(a) Disclosures, Plainitiff anticipates taking the deposition of each employ at Siemens and Quammen that was involved in the implementation of the Soarian system. Plaintiff also anticipates that certain former employs of the Debtor may also need to be deposed, as they may not live within the subpoena range of the Court to appear at trial.

**E. Of Whom and by when the defendant anticipates taking oral depositions;**

If Trustee's Complaint survives Cerner and Siemens' Motions to Dismiss, and upon further clarification of the factual bases of the claims against them, Cerner and Siemens anticipate taking the deposition of several former employees of Debtor and related entities involved in the relationship with Siemens and Cerner during the purchase and implementation of Soarian and following Cerner's acquisition of the relevant contractual relationship. The number, identity and current location of those individuals is not known, but would include those individuals who interacted with Siemens and Cerner or are otherwise identified by Debtor as relevant to its claims or Siemens and Cerner's defenses. Depositions of non-

party consultants and service providers may be necessary depending on the nature of the factual bases of the asserted claims.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;**

Plaintiff does not anticipate the need for experts at this time.

While not fully aware of the basis of the Trustee's claims, Cerner and Siemens anticipate the need for one or more experts on topics including but not limited to the functionality and performance of the relevant software and its operators, as well as the Trustee's asserted damages, which are currently unknown. Cerner and Siemens request staggered expert disclosure deadlines, with opening expert reports due 315 days after the Rule 26(a) disclosure deadline, and rebuttal export reports due within 360 days after the Rule 26(a) disclosure deadline.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report);**

None are anticipated at this time.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report); and**

Cerner and Siemens anticipate taking the deposition of any expert disclosed by Plaintiff.

**I.      All other matters raised in Rule 26(f).**

Cerner and Siemens anticipate a protective order to govern the exchange and discovery of confidential information.

If Trustee's Complaint survives Cerner and Siemens' Motions to Dismiss, Cerner and Siemens believe that phased discovery that is initially focused on their statute of limitations defenses may be appropriate in aid of early dispositive motions on those defenses, and before full discovery of Trustee's claims.  Trustee's Complaint alleges claims stemming from alleged problems that arose in the Summer of 2014, over four years before Debtor filed its bankruptcy petition in January 2019.  Cerner and Siemens believe it would be more efficient for the parties to address those defenses before the parties engage in full discovery.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Plaintiff anticipates that the planned discovery can be completed within 240 days of the initial Rule 26(a) Disclosures. Cerner and Siemens anticipate that the planned fact discovery can be completed within 300 days of Rule 26(a) Disclosures and expert discovery can be completed within 385 days of Rule 26(a) Disclosures.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Counsel for the parties discussed the possibilities for a prompt resolution of the case during the Rule 26(f) meeting. Counsel for the parties agreed that they will continue to communicate regarding the possibility of settlement as appropriate.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have discussed the possibility of settlement and anticipate engaging in further discussions after the resolution of Trustee's Motion to Sell and/or the Defendants' Motion to Dismiss.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Cerner and Siemens believe that the appropriate alternative dispute resolution technique and the timing for alternative dispute resolution is best addressed after the pleadings are resolved.

**17. Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Cerner and Siemens do not consent to trial before the magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

No jury trial has been demanded at this time; however, the time has not run for a party to request a jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**

Cerner and Siemens believe it is premature to estimate the number of hours necessary to present the evidence in this case given the state of the pleadings. Plaintiff estimates 112 hours. Cerner and Siemens believe that is a reasonable placeholder at this stage.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None. Cerner and Siemens have filed Motions to Dismiss, and if the Court prefers, they are amenable to having those Motions coordinated for ruling with the initial scheduling conference. This would entail an extension to the existing initial scheduling conference date of June 17, 2020, in order to allow Plaintiff to file any opposition to their Motions to Dismiss.

**21. List other motions pending.**

Defendant Cerner Corporation's Motion to Dismiss and Memorandum in Support [ECF No. 49]
Defendant Siemens Medical Solutions USA, Inc.'s Motion to Dismiss and/or Strike and Brief in Support [ECF No. 50]

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Not all Defendants named in the Complaint have appeared. In particular, Defendant Quammen Health Care Consultants, Inc. has not been served with process in this case. In light of the absence of Quammen and Cerner and Siemens' pending Motions to Dismiss, Cerner and Siemens believe it would be more practical to defer the initial scheduling conference until after Quammen has been served and Cerner and Siemens Motions to Dismiss have been resolved.

The Trustee's Motion to Sell creates significant uncertainty regarding the path of the litigation, as it is unclear if the party who will ultimately prosecute the Plaintiff's claims is currently in the case.

As noted above, Cerner and Siemens believe there are statute of limitations problems with Trustee's claims. In the event Trustee's claims survive the Motions to Dismiss, Cerner and Siemens anticipate that their statute of limitations defenses will be the subject of early dispositive motions and/or may be more efficiently resolved through bifurcation before any remaining claims or defenses are tried.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Defendant Cerner Corporation filed its Disclosure of Interested Parties on May 18, 2020.

Defendant Siemens Medical Solutions USA filed its Disclosure of Interested Parties on May 20, 2020.

Plaintiff Catherine S. Curtis filed her Disclosure of Interested Parties on May 22, 2020.

Quammen Health Care Consultants, Inc. has not been served with process in this case or filed its Disclosure of Interested Parties.

**24. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Randall A. Pulman
Texas State Bar No. 16393250
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone

Thomas Rice
Texas State Bar No. 24025613
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 933-0610 Telephone

Matthew J. McGowan
Texas State Bar No. 24098077
**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone

_/s/Thomas Rice_                    Date   June 5, 2020
Counsel for Plaintiff(s)


John Lewis, Jr.
Texas Bar No. 24108103
S.D. Tex. Bar No. 3435473
**SHOOK, HARDY & BACON, LLP**
600 Travis St., Suite 3400
Houston, TX 77002
Telephone: 713.227.8008

Michael B. Barnett (admitted pro hac vice)
**SHOOK, HARDY & BACON, LLP**
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816.474.6550

_/s/John Lewis, Jr. WITH PERMISSION_        Date   June 5, 2020
Counsel for Defendant Cerner Corporation

Kenneth E. Broughton
State Bar No. 03087250
Federal ID No. 13428
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: 713.469.3819

Scott D. Baker (admitted pro hac vice)
Jonah D. Mitchell (admitted pro hac vice)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: 415.543.8700

Heriberto R. Montalvo
State Bar No. 24102231
Federal ID No. 3158843
**REED SMITH LLP**
811 Main Street, Suite 1700
Houston, Texas 77002-6110
Telephone: 713.469.3657


| | |
|---|---|
| */s/ Kenneth E. Broughton WITH PERMISSION* | Date   June 5, 2020 |
| Counsel for Defendant Siemens Medical Solutions USA, Inc. | |